IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAQUAN LEE, | ) | Case No. 1:23-cv-1716 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | THOMAS M. PARKER |
| | ) | |
| HEATH UNDERWOOD, et al., | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |
| | ) | |

Pending before the court are two motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c); one filed by defendants Heath Underwood, Aaron Sheurer, and David Gearheart (ECF Doc. 10), all police officers with the Mansfield Police Department (collectively, "MPD Defendants"), and the other filed by Aaron Bushey (ECF Doc. 16), a police officer with the Shelby Police Department.  The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636, *et seq.*  ECF Doc. 21.  For the reasons that follow:

(i)     MPD Defendants' motion for judgment on the pleadings (ECF Doc. 10) is DENIED IN PART and GRANTED IN PART;

(ii)    Bushey's motion for judgment on the pleadings (ECF Doc. 16) is GRANTED;

(iii)   Counts Two, Three, and Four are DISMISSED with PREJUDICE; and

(iv)    Count One is DISMISSED without PREJUDICE to the refiling of an amended complaint.

## I.     Background

On August 31, 2023, plaintiff Jaquan Lee filed a complaint against Underwood, Sheurer, Gearheart, and Bushey, alleging violations of his civil rights and asserting both federal and state law claims relating to his arrest, imprisonment, and prosecution by the defendants.  ECF Doc. 1. Lee alleges facts relevant to the instant motions as follows.  On November 30, 2019, James White was arrested for robbing $31,000 in merchandise from a Verizon Store after: (i) a witness identified a single black male as the sole culprit; (ii) the defendants used the GPS location of the stolen merchandise to locate White's vehicle; and (iii) they found White hiding under a porch in the area.  *Id.* ¶¶ 19-28.  The defendants subsequently found Lee in the area where White was arrested, aggressively approached him, and arrested him while knowing that they had no evidence that Lee had broken the law and only one individual was connected with the robbery of the Verizon Store.  *Id.* ¶¶ 19, 29-31.  The defendants sought and obtained a bond that they knew Lee could not afford and using allegations against they knew to be false.  *Id.* ¶ 32.

After a jury trial, Lee was convicted of the charges brought in connection with his arrest and sentenced to an 11-to-15-year term of imprisonment.  *Id.* ¶¶ 33-35, 37.  On August, 3, 2022, the Ohio Court of Appeals reversed and vacated Lee's conviction and sentence after determining that there was insufficient evidence to convict Lee of, or connect him to, any of the charges against him.  *Id.* ¶¶ 38-41.  Upon remand, the trial court dismissed the case pursuant to Ohio Criminal Rule 29.[1]  *Id.* ¶ 42.

Lee asserts four causes of action against the defendants: (i) civil rights violation (Count One); (ii) false arrest or imprisonment (Count Two); (iii) malicious prosecution (Count Three);

---

[1] Lee's opposition brief, Bushey's motion for judgment on the pleadings, and court records provide that the trial court dismissed the criminal case against Lee on August 8, 2022.  *See* ECF Doc. 14 at 2; ECF Doc. 16 at 2; *See State v. Lee*, Richland County Court of Common Pleas, Case No. 2021-CR-0432.

and (iv) violation of Lee's Fourth Amendment right to be free from unreasonable searches and seizures (Count Four).  *Id.* at 6-10.

On October 4, 2023, MPD Defendants moved for judgment on the pleadings.  ECF Doc. 10.  Lee filed a response in opposition.  ECF Doc. 14.  On January 5, 2024, Bushey moved for judgment on the pleadings.  ECF Doc. 16.  Lee again filed a response in opposition.  ECF Doc. 26.  Bushey and the MPD Defendants filed separate reply briefs.  ECF Docs. 29, 30.

## II.    Standard of Review

After the pleadings have closed, a defendant may move for judgment on the pleadings under Rule 12(c) on the basis that a plaintiff's complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6).  *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).  When a party moves for dismissal of a complaint pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," that party bears the burden of showing that the opposing party has failed to adequately state a claim for relief.  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)).

When reviewing a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to [the] plaintiff[], accept all the well-pleaded factual allegations as true, and draw all reasonable inferences in [the] plaintiff['s] favor."  *Guertin v. Michigan*, 912 F.3d 907, 916 (6th Cir. 2019).  But the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  To survive, the factual assertions in the complaint must be sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  A claim is facially plausible when a plaintiff "pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court must disregard conclusory allegations, including legal conclusions couched as

factual allegations.  *Twombly*, 550 U.S. at 555; *J & J Sports Prods. V. Kennedy*, No.

1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D. Ohio Nov. 3, 2011).  It is well-settled

that a document filed *pro se* is "to be liberally construed" and that a *pro se* complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers. . . ."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S.

97, 106 (1976)).  However, the Sixth Circuit recognizes that the Supreme Court's "liberal

construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in *pro se*

suits.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).

### III.   Defendants' Motions for Judgment on the Pleadings

In both motions for judgment on the pleadings, the defendants argue that Lee's claims are

barred by the applicable statute of limitations.[2]  *See* ECF Doc. 10 at 3-4; ECF Doc. 16 at 11-13,

14-15, 17.  Lee disagrees, arguing that all his claims were timely filed.  ECF Doc. 14 at 3-5.

Bushey raises additional arguments in his motion to dismiss.  First, he argues that Count

One must be dismissed because it does not allege sufficient facts to maintain a cause of action

for a civil rights violation.  ECF Doc. 16 at 8-9.  Second, he argues that Lee's state law claims

(Counts Two and Three) fail as a matter of law because Lee's conviction, even though reversed

on appeal, serves as a complete defense to his state law claims.  *Id.* at 13-14, 15-17.  Finally,

Bushey argues that he is entitled to statutory immunity on the state law claims (Counts Two and

---

[2] Bushey does not argue for the dismissal of Count One based on the statute of limitations, providing alternative grounds for dismissal, but does contend the statute of limitations bars Counts Two, Three, and Four.  *See* ECF Doc. 16.

Three) pursuant to Ohio Rev. Code § 2744.  *Id.* at 17-20.  Lee opposes all of Bushey's arguments.  ECF Doc. 26 at 3, 7-10.

For each count, the court will address the statute of limitations first and then proceed to any alternative arguments for dismissal if necessary.[3]

### A.    Count One – Civil Rights Violation

MPD Defendants argue that Lee's § 1983 claims (Counts One and Four) are barred by the statute of limitations.  ECF Doc. 10 at 3.  But the arguments posited by MPD Defendants seem to solely relate to Count Four and do not address the exact claims set forth under Count One.  *See id.*  Bushey does not provide arguments on the statute of limitations with respect to Count One, instead arguing that it was insufficiently pleaded.  *See* ECF Doc. 16 at 8-9.

The court finds that Count One suffers from pleading deficiencies, discussed below, that make it difficult for the court to determine either the exact claims asserted or the accrual date for the applicable statute of limitations.  As a result, the court cannot determine whether the statute of limitations bars Count One.  While the dispute over the statute of limitations cannot be resolved at this time, pleading deficiencies other than the statute of limitations require the dismissal of Count One.

Under Fed. R. Civ. P 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P 8(a).  The complaint must provide the opposing party with "fair notice of what the . . . claim is and the grounds upon which

---

[3] The issue of statutory immunity under Ohio Rev. Code § 2744 is not addressed in this opinion. Resolution of this issue is unnecessary because, as set forth below, the state law claims (Counts Two and Three) are dismissed based on the statute of limitations and alternatively dismissed on the merits. Moreover, the issue of statutory immunity appears premature at this stage of the litigation because the record and pleadings do not permit the court to reach a conclusion as a matter of law as to whether Bushey (or the other defendants) acted in utmost good faith, and without wanton or reckless acts – requisite findings necessary to determine whether immunity applies.  *See* Ohio Rev. Code § 2744.03(A)(6).

it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To sufficiently plead a cause of action under 42 U.S.C. § 1983, a plaintiff must plead facts that establish two elements: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement" in the deprivation of his rights. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted); *see also Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) ("To establish a § 1983 . . . claim against a public official in his personal capacity, a plaintiff must show that the official either actively participated in the alleged unconstitutional conduct or implicitly authorized, approved or knowingly acquiesced in the alleged unconstitutional conduct of an offending subordinate." (internal quotation and citation omitted)).

For Count One, the complaint merely alleged that the defendants were acting under color of state law and that their "actions in arresting, charging, seeking an indictment, and then a trial of Plaintiff Lee, were unreasonable and without good cause." ECF Doc. 1 ¶¶ 46-47. Then, without any further elaboration, the complaint asserted that the defendants' actions denied Lee the right to: (i) be free from unreasonable searches, seizures, and arrests without probable cause; (ii) substantive and procedural due process; (iii) equal protection under the law; (iv) not have excessive bail set; (v) be free from cruel and unusual punishment; and (vi) be free from conviction based on insufficient evidence. *Id.* ¶¶ 48-51. The complaint does not provide any allegations as to the actions of the defendants individually (simply referring to all actions as those of the defendants collectively), nor does it provide any allegations as to how any of the

6

defendants had personal involvement in depriving Lee of his rights to due process, equal protection under the law, and freedom from conviction based on insufficient evidence.[4]  *See id.* at 4-7.  Courts appropriately dismiss a complaint when it omits specific allegations concerning acts performed by each individual defendant "that resulted in a deprivation of [plaintiff's] constitutional rights."  *Marcilis v. Twp. of Redford*, 693 F.3d 589, 605 (6th Cir. 2012).  Simply "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct" fails to satisfy the minimum standard of providing each defendant "fair notice of what the plaintiffs claim is and the ground upon which it rests."  *Id.* (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (internal quotation marks omitted).

Lee's complaint only generally alleges civil rights violations against the defendants as a group.  This is deficient because the complaint does not adequately describe specific constitutional violations or make allegations of the individual conduct of the defendants.  As such, the defendants are without fair notice to adequately respond to Lee's claims.  *See* Fed. R. Civ. P. 8(a).  Additionally, Lee appears to have alleged at least six separate claims in Count One in a disorganized fashion.  Lee's failure to allege these separate claims in separate counts is contrary to Rule 10(b).  Federal Rule of Civil Procedure 10 sets out the general format that pleadings must take, with subsection (b) setting forth requirements for separately numbered paragraphs and separate "counts" for each claim:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

---

[4] The complaint contains no allegations as to what specific actions the defendants individually took during Lee's trial or how those actions violated Lee's constitutional rights.  *See* ECF Doc. 1 at 4-6.

Fed R. Civ. P. 10(b).[5]

Because Count One fails to meet the requirements of Fed. R. Civ. P. 8(a) and 10(b), Count One will be dismissed without prejudice to Lee's ability to file an amended complaint that properly alleges Lee's individual claims and attempts to sufficiently alleges facts that might establish a cause of action against each individual defendant.  *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 649 (6th Cir. 2021) (providing that the usual remedy for a violation of Fed. R. Civ. P. 8(a) is dismissal without prejudice, with a grant of leave to amend).

### B.    Count Two – False Arrest/False Imprisonment

MPD Defendants contend that Count Two (false arrest or imprisonment) is barred by the statute of limitations.  *See* ECF Doc. 10 at 4.  They specifically argue that: (i) the applicable statute of limitations is one year, pursuant to Ohio Rev. Code § 2305.11; (ii) Lee's claim accrued when he was arrested (or when he pleaded not guilty); and (iii) Lee filed his complaint well after the one-year deadline expired.  *See* ECF Doc. 10 at 4.  Lee contends that his Count Two claim is not barred because the applicable statute of limitations is two years, and the claim did not accrue until he was released from prison in August 2022.  ECF Doc. 14 at 4.

Bushey similarly contends that the statute of limitations bars Count Two because: (i) the limitations period is one year under Ohio law; (ii) the statute began to run on the day Lee was arrested (November 30, 2019); and (iii) Lee filed his complaint nearly three years after the statute of limitations expired.  ECF Doc. 16 at 14-15.  Lee responds that Count Two is not time

---

[5] Although the Sixth Circuit "has not explicitly addressed whether failure to separately state counts provides grounds for a court to . . . dismiss the claim[,]" *Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 n.2 (6th Cir. 2013), the failure to separate the claims under Count One appears worthy of requiring compliance with Fed. R. Civ. P. 10(b) – given the number of claims asserted and the issues previously noted concerning Fed. R. Civ. P 8(a).  Moreover, the approach of requiring separate claims to be asserted in separate counts has been adopted by other circuits (particularly when the claims results in a lack of proper notice).  *See, e.g.*, *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011).

barred because: (i) the statute of limitations is two years for § 1983 actions; and (ii) the cause of action did not accrue until his release from prison on August 11, 2022. ECF Doc. 14 at 4; ECF Doc. 26 at 7-8.

The court agrees with the defendants. In Count Two, Lee alleged a claim for "false arrest or imprisonment." *See id.* at 7-8. Ohio courts have determined that false imprisonment and false arrest claims are related and/or indistinguishable causes of action that are subject to the same statute of limitations. *Mayes v. City of Columbus*, 105 Ohio App. 3d 728, 746 (Ohio Ct. App. 1995) (citing *Rogers v. Barbera*, 170 Ohio St. 241, 243, 164 N.E.2d 162 (Ohio 1960), and *Alter v. Paul*, 101 Ohio App. 139, 135 N.E.2d 73 (Ohio 1955)); *see also Crist v. Pugin*, No. 3:08 CV 501, 2008 U.S. Dist. LEXIS 49274, at *3 (N.D. Ohio June 25, 2008) ("The Ohio Supreme Court has adopted the position that false imprisonment and false arrest are indistinguishable as causes of action."). Lee's argument that the two-year statute of limitations for § 1983 claims should apply to Count Two is unavailing because Count Two did not assert any federal § 1983 claims; rather, it asserts state law claims under the umbrella of a § 1983 case. Accordingly, the claims under Count Two are subject to the one-year statute of limitations under Ohio Rev. Code § 2305.11(A). *Davis v. Butler Cnty., Ohio*, 658 F. App'x 208, 214-15 (6th Cir. 2016) (citing *Mayes*, 105 Ohio App. 3d at 746); *see also Huffer v. Bogen*, 503 F. App'x 455, 462 (6th Cir. 2012) (holding that claims of false imprisonment and false arrest under Ohio law were subject to a one-year statute of limitations under Ohio Rev. Code § 2305.11(A)).

Federal courts "generally refer[] to state law for tolling rules" when reviewing state law claims with corresponding state law statutes of limitation. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007); *accord Hardin v. Straub*, 490 U.S. 536, 538-44 (1989). Under Ohio law, a cause of action for false arrest accrues on the date of the arrest. *Mayes*, 105 Ohio App. 3d at 746; *Crist v.*

9

*Pugin*, No. 3:08 CV 501, 2008 U.S. Dist. LEXIS 49274, at *4 (N.D. Ohio June 25, 2008) (citing

*Petty v. Kroger Food & Pharmacy*, 2007-Ohio-5098, ¶ 18, 2007 Ohio App. LEXIS 4501 (Ohio

Ct. App. 2007); *see also Templeton v. Brandt*, No. 1:20-cv-34, 2021 U.S. Dist. LEXIS 67328, at

*21 (S.D. Ohio Apr. 7, 2021) ("Ohio case law appears to confirm that the statute applies

according to its plain language.  And the cause of action accrues on the date of the arrest."

(internal citations omitted)).  The Sixth Circuit has likewise held that a cause of action under

Ohio law on the related claims of false arrest and false imprisonment accrues on the date of the

arrest.  Therefore, the statute of limitations begins to run on that date.  *Davis*, 658 F. App'x at

214-15; *see Huffer v. Bogen*, 503 F. App'x 455, 462 (6th Cir. 2012); *Lee v. Lucas*, No. 1:10-CV-

00151, 2011 U.S. Dist. LEXIS 125756, at *13 (N.D. Ohio Oct. 31, 2011) (determining that false

arrest and false imprisonment claims under Ohio law accrue when a plaintiff is arrested and

arraigned); *accord Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) ("State law claims for false

arrest and false imprisonment, which constitutes a single cause of action in Kentucky when law

enforcement is involved, as well as assault and battery arising out of an arrest, generally accrue

at the time of the arrest.").

Lee was arrested on November 30, 2019.  ECF Doc. 1 ¶ 19.  Thus, the one-year statute of

limitations began to run on that date and expired long before Lee filed his complaint on August

31, 2023.  Moreover, even if the court were to adopt Lee's proposed accrual date – August, 11,

2022 – the statute of limitations would still bar Lee's Count Two claims, because he filed his

complaint more than a year after his release from prison.  Accordingly, Count Two is barred by

the statute of limitations and must be dismissed.[6]

---

[6] The court would alternatively dismiss Count Two as a matter of law on the merits.  Bushey argues that
the Count Two claims of false arrest and imprisonment are barred by Lee's subsequent indictment and
conviction.  ECF Doc. 16 at 12-13.  Under Ohio law, a guilty finding in a criminal proceeding, whether
by trial or plea, constitutes an absolute defense to an action for false imprisonment. *Walker v. Schaeffer*,

**C.     Count Three – Malicious Prosecution**

The MPD Defendants and Bushey argue that Count Three is barred by the statute of limitations because: (i) claims for malicious prosecution under Ohio law are subject to a one-year limitation of actions; (ii) the statute of limitations accrued when Lee's sentence was reversed on August 3, 2022; and (iii) Lee filed the complaint more than a year later, on August 30, 2023. ECF Doc. 10 at 4; ECF Doc. 16 at 17.  Lee responds that his claim for malicious prosecution under Count Three is not barred because it is subject to the two-year statute of limitations for § 1983 claims.  ECF Doc. 14 at 4-5.

Defendants are correct.  As with Count Two, Count Three was brought under Ohio law and not as a federal claim under § 1983.  An Ohio law claim for malicious prosecution is subject to a one-year statute of limitations pursuant to Ohio Rev. Code § 2305.11(A).  *See Ohio Rev. Code § 2305.11(A)*; *Ewing v. O'Brien*, 115 F. App'x 780, 783 (6th Cir. 2004); *O'Connor v. Kelty*, No. 4:10 CV 338, 2013 U.S. Dist. LEXIS 11265, at *31 (N.D. Ohio Jan. 23, 2013).  A claim for malicious prosecution under Ohio law accrues, and the statute of limitation begins to

---

854 F.2d 138, 143 n.1 (6th Cir. 1988) (quoting 45 Ohio Jur. 3d. False Imprisonment § 10, and citing *Ryan v. Conover*, 59 Ohio App. 361, 26 Ohio Law Abs. 593, 18 N.E.2d 277 (Ohio Ct. App. 1938)) (quotation marks omitted and alteration adopted); *Courtney v. Rice*, 46 Ohio App. 3d 133, 136-37, 546 N.E.2d 461 (Ohio Ct. App. 1988) (providing that a guilty finding in a criminal case bars an action for false arrest or imprisonment); *Favor v. Ohio State Univ.*, 2010- 4971, 2010 Ohio Misc. LEXIS 277 (Ohio Ct. of Claims 2010) ("Under Ohio law . . . '[a] guilty finding in a criminal proceeding, whether by trial or plea, constitute[s] an absolute defense to an action for false arrest or false imprisonment.'") (quoting *Espy v. Sears, Roebuck & Co.*, 1976 Ohio App. LEXIS 8213 (Ohio Ct. App. 1976)).  Moreover, "*[e]ven if a conviction is reversed on appeal*, a conviction is a complete defense to an action for false arrest or imprisonment, so long as the conviction was not secured by fraud nor unlawful means" [emphasis added]. *Mayle v. Canton*, Case No. CA-9141, 1993 Ohio App. LEXIS 2211, at *7 (Ohio Ct. App. Apr. 12, 1993) (citing *Courtney*, 546 N.E.2d at 462, syllabus).  Lee's complaint alleges that the defendants arrested, detained, and participated in the decision to prosecute Lee without probable cause.  *See* ECF Doc. 1 at 4-10.  The complaint does not allege that Lee's conviction was secured by the defendants having engaged in fraud or unlawful means.  Lee did not raise fraud or unlawful means by the defendants as an assignment of error in his direct appeal, and his conviction was ultimately overturned solely based on an insufficiency of evidence claim (which does not establish fraud or unlawful means).  *See* ECF Doc. 16-1 at 5-9.  Thus, even if Count Two were not time barred, dismissal for lack of merit would still be required.

run, at the termination of the prosecution in favor of the accused.  *See Froehlich v. Ohio Dep't of Mental Health*, 114 Ohio St. 3d 286, 2007 Ohio 4161, 871 N.E.2d 1159, 1162 (Ohio 2007). Lee's claim either accrued when the Ohio Court of Appeals reversed and remanded his conviction and sentence on August 3, 2022, ECF Doc. 1 ¶ 39; *State v. Lee*, 2022-Ohio-2656 (Ohio Ct. App. 2022), or when the trial court dismissed the criminal action after remand on August 8, 2022, *State v. Lee*, Richland County Court of Common Pleas, Case No. 2021-CR-0432, order dated 8/8/2022.  Either way, Lee filed this case more than one year after the claim accrued.  Accordingly, Count Three is barred by the statute of limitations and must be dismissed.[7]

### D.      Count Four – Fourth Amendment Claims

Count Four was styled as a 42 U.S.C. § 1983 claim for unreasonable search and seizure in violation of the Fourth Amendment.  *See ECF Doc. 1 at 9-10.*  Within Count Four, Lee also

---

[7] The court would alternatively dismiss Count Three as a matter of law on the merits.  Bushey argues that the Count Three claim of malicious prosecution is barred by Lee's subsequent indictment and conviction. ECF Doc. 16 at 15-17.  "Ohio has set forth the elements of a malicious prosecution claim as follows: (1) malice in instituting (or continuing) the prosecution, (2) lack of probable cause, and (3) termination of the action in favor of the defendant."  *Swiecicki v. Delgado*, 463 F.3d 489, 503 (6th Cir. 2006) (citing *Trussell v. Gen. Motors Corp.*, 53 Ohio St. 3d 142, 559 N.E.2d 732, 735 (Ohio 1990)).  "[U]nder Ohio law, 'a finding of guilty of a criminal offense . . . even though later and finally reversed by a reviewing court, raises a conclusive presumption of probable cause and constitutes a complete defense in a later action for malicious prosecution.'  This presumption can be rebutted, but only by 'fraud or unlawful means in securing a conviction.'  *Selective Ins. Co. v. RLI Ins. Co.*, 706 F. App'x 260, 266 (6th Cir. 2017) (internal citations omitted); *see also Harris v. Bornhorst*, 513 F.3d 503, 520-21 (6th Cir. 2008) (explaining that: (i) Ohio courts have held that "a finding of guilty of a criminal offense by a court having jurisdiction to try and dispose of the case, even though later and finally reversed by a reviewing court, raises a conclusive presumption of probable cause and constitutes a complete defense in a later action for malicious prosecution"; and (ii) this presumption can be rebutted by evidence of fraud or unlawful means in securing a conviction (quoting *Vesey v. Connally*, 112 Ohio App. 225, 175 N.E.2d 876, 878 (Ohio Ct. App. 1960)).  After Lee was arrested, he was indicted and convicted.  As discussed above in regard to Count Two, even though Lee's conviction was overturned, the complaint does not allege the defendants engaged in fraud or unlawful means to secure his conviction.  And the record does not indicate that the defendants engaged in such actions.  Thus, even if Count Three were not time barred, it would nevertheless be subject to dismissal for lack of merit.

asserted a claim for false arrest and imprisonment.  *See id.*  The defendants and Lee agree that the applicable statute of limitations for Count Four is two years.  *See* ECF Doc. 10 at 3; ECF Doc. 14 at 3; ECF Doc. 16 at 11.  "The statute of limitations for § 1983 claims is the relevant state's statute of limitations for personal-injury torts."  *Beaver St. Invs., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023) (citing *Wallace*, 549 U.S. at 387); *see also Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) ("The Supreme Court has held that § 1983 claims are best characterized as tort actions for the recovery of damages for personal injury and that federal courts must borrow the statute of limitations governing personal injury actions from the state where the § 1983 action was brought.").  The Ohio statute of limitations for personal injury claims two years.  Ohio Rev. Code § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).  Thus, a two-year statute of limitations applies to all § 1983 claims in Ohio.  *See Beaver St. Invs.*, 65 F.4th at 826; *Browning*, 869 F.2d at 992.

The parties disagree as to the accrual date for Lee's Count Four claim.  The MPD Defendants argue that Lee's Count Four claim accrued (and the statute of limitations began to run) on the date of his arrest – November 30, 2019 – and expired two years later, on November 30, 2021.  ECF Doc. 10 at 3; ECF Doc. 16 at 11-13.  Lee argues that the statute of limitations on his Count Four claim did not begin to run until his conviction was reversed and he was released from custody, on August 11, 2022.  He argues his case was timely filed on August 30, 2023, less than two years later.  ECF Doc. 14 at 3-4.  Lee argues that the Sixth Circuit has applied *Heck v. Humphrey*[8] and held that "a cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute

---

[8] *Heck v. Humphrey*, 512 U.S. 477 (1994).

of limitations *does not begin to run until such an event occurs*, if ever." *Id.* at 3 (emphasis in original) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014)).

Defendant Bushey argues that Count Four is barred by the statute of limitations and should be dismissed because: (i) the statute of limitations accrued on the date of Lee's arrest, November 30, 2019; and (ii) this action was brought more than two years later.  ECF Doc. 16 at 13.  Bushey argues that Lee has mischaracterized the holding in *Heck* because "under *Heck*, when a claim for relief under §1983 necessarily involves a challenge to an underlying conviction, that action is barred until such challenge is resolved." *Id.* at 11-12.  Bushey argues that *Heck* does not apply to Count Four because: (i) Count Four does not involve a challenge to Lee's underlying conviction; and (ii) the sole basis for reversal of his conviction was based on insufficiency of the evidence, which was unrelated to the allegations under Count Four. *Id.* at 12-13.  Lee replies that Bushey has misinterpreted *Heck*, and he maintains that the statute of limitations for Count Four did not accrue until his conviction was overturned.  ECF Doc. 26 at 6-7.

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984); *see also Wallace*, 549 U.S. at 388.  The statute of limitations for § 1983 claims begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Beaver St. Invs.*, 65 F.4th at 826 (citing *Wallace*, 549 U.S. at 387; and quoting *Kuhnle Brothers, Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)); *see also Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

14

In *Heck v. Humphrey*, 512 U.S. 47 (1994), the Supreme Court addressed a state prisoner's claim for malicious prosecution and held that a § 1983 claim based on an unconstitutional conviction does not accrue until the conviction is invalidated. *Id.* at 489-90. *Heck* further established that deferred accrual only applies to claims that necessarily imply the invalidity of a criminal conviction. *Id.* at 487; *see also Harrison v. Michigan*, 722 F.3d 768, 772 (6th Cir. 2013) ("*Heck* established a delayed accrual date in cases involving challenges to an *invalid conviction or sentence*[.]" (emphasis in original)).

Subsequently, the Supreme Court in *Wallace*, further explained the application of the *Heck* rule for delayed accrual, clarifying the distinction between § 1983 claims of malicious prosecution and those of false arrest and false imprisonment.  In *Wallace*, the plaintiff sought to extend the delayed accrual principle under *Heck* to a § 1983 cause of action for false arrest.  549 U.S. at 393 ("What petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck:* that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." (emphasis in original)).  However, as the Sixth Circuit explained:

> The *Wallace* Court rejected both the argument that the statute of limitations on a false arrest claim should begin only after "an anticipated future conviction . . . occurs and is set aside," and that the statute of limitations on such a claim should be tolled until an anticipated future conviction is set aside.  Accordingly, the possibility that the plaintiff's already-accrued § 1983 claims might impugn an anticipated future conviction did not trigger the *Heck* rule . . . .

*Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007) (internal citations omitted).

Thus, a § 1983 claim based on false arrest or false imprisonment stemming from a false arrest accrues when the plaintiff is detained pursuant to legal process.  *Wallace*, 549 U.S. at 397; *Fox*, 489 F.3d at 235 ("[T]he Court in *Wallace* specifically held that a claim for wrongful arrest under § 1983 accrues at the time of the arrest, or, at the latest, when detention without legal

15

process ends."); *Leaphart v. City of Detroit*, No. 19-2202, 2020 U.S. App. LEXIS 5111, at *5 (6th Cir. Feb. 19, 2020).  A plaintiff is detained pursuant to legal process when he is "bound over by a magistrate or arraigned on charges."  *Id.* at 390.  Similarly, a § 1983 claim for illegal search and seizure is generally not subject to the *Heck* rule and accrues on the date of the alleged illegal search and seizure.  *See Harper v. Jackson*, 293 F. App'x 389, 391 (6th Cir. 2008) ("*Wallace* also clarified that *Heck* does not delay the accrual of an otherwise complete and present cause of action when judgment in the plaintiff's favor 'would impugn *an anticipated future conviction*.' Harper's claims [for unreasonable search and seizure] thus accrued on July 31, 2003, the date of the alleged illegal search and seizure." (emphasis in original) (internal citations omitted)); *see also Hornback v. Lexington-Fayette Urban Cnty. Gov't*, 905 F. Supp. 2d 747, 749-50 (E.D. Ky. 2012) (collecting cases); *Moore v. Moore*, No. 1:19-CV-01634, 2019 U.S. Dist. LEXIS 211019, at *7 (N.D. Ohio Dec. 6, 2019) ("A claim under § 1983 for improper search and seizure accrues at the time the search and seizure takes place so long as the plaintiff is aware it is taking place.").

Controlling Supreme Court and Sixth Circuit precedent requires the conclusion that the *Heck* rule for delayed accrual does not apply in this action.  Lee's claims under Count Four do not necessarily impugn the validity of his underlying conviction.  *See Fox*, 489 F.3d at 235; *see also Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007) (reaffirming the "bright-line rule" under *Wallace* that false-arrest claims survive *Heck* because such claims do not, by their own nature, call into question the validity of a conviction); *accord Dique v. New Jersey State Police*, 603 F.3d 181, 187 (3d Cir. 2010).  According to the complaint, Lee was arrested and searched on November 30, 2019.  *See* ECF Doc. 1 at 4-5.  It is apparent from the alleged facts that Lee had complete knowledge of the allegedly unlawful search and seizure of his person on that date.

16

Accordingly, Lee's claim for unlawful search accrued on November 20, 2019.[9] *See Wallace*, 549 U.S. at 393-94; *Harper*, 293 F. App'x at 391 n.1. To the extent that Lee's Count Four claim also asserts a § 1983 claim for false arrest and false imprisonment by the defendant police officers, such claim accrued, at the latest, on the date of his arraignment, June 4, 2021 – the beginning of his detention pursuant to the legal process.[10] *State v. Lee*, Richland County Court of Common Pleas, Case No. 2021-CR-0432, non-document order dated 6/4/2021; *see Wallace*, 549 U.S. at 397; *Fox*, 489 F.3d at 235. Because Lee's complaint was filed on August 31, 2023, more than two years after the cause of action on all claims in Count Four accrued (and the statute of limitations began to run), Count Four is time barred and must be dismissed.

## IV.  Conclusion

Accordingly, for the foregoing reasons,

(i)     MPD Defendants' motion for judgment on the pleadings (ECF Doc. 10) is DENIED IN PART and GRANTED IN PART;

(ii)    Bushey's motion for judgment to the pleadings (ECF Doc. 16) is GRANTED;

(iii)   Counts Two, Three, and Four are DISMISSED with PREJUDICE; and

---

[9] The *Heck* rule for delayed accrual does apply in cases when a plaintiff asserts an unreasonable search claim "where the contested search produced the *only* evidence supporting the conviction and no legal doctrine could save the evidence from exclusion." *Harper*, 293 F. App'x at 392 (emphasis in original). The rule does not apply in this case because there is no indication or allegation that the only evidence supporting Lee's conviction came from the defendants' search of Lee on November 20, 2019.

[10] In Count Four, Lee did not allege a claim for malicious prosecution, a distinct tort that is meant to remedy detention pursuant to the wrongful institution of legal process. *See Wallace*, 549 U.S. at 389-90 (providing that false imprisonment ends once the defendant is arraigned on the charges and "[t]hereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution"); *Chase v. White*, No. 3:16-cv-01576, 2016 U.S. Dist. LEXIS 172067, at *21 (M.D. Tenn. Dec. 13, 2016) ("The actions giving rise to a malicious prosecution claim under state and federal law are thus distinct from those relating to the false arrest and false imprisonment claims. [Malicious prosecution] is grounded in the decision to prosecute."). Moreover, such a claim could not be sustained because the complaint has alleged no facts that demonstrate the defendants had any personal involvement or responsibility for the prosecution of Lee.

(iv)    Count One is DISMISSED without PREJUDICE.

Lee is further GRANTED LEAVE to file an amended complaint within 30 days of this Order.  The amended complaint shall: (i) set forth each individual claim that Lee wishes to assert in a separate, corresponding count; and (ii) allege facts specific to the actions of each individual defendant that are sufficient to state a claim for relief under the Federal Rules of Civil Procedure. Lee is BARRED from reasserting the causes of action alleged in the now-dismissed Counts Two, Three and Four.  If Lee fails to timely file an amended complaint in accordance with this Order, the court will dismiss the entirety of this case with prejudice and terminate the proceedings.  *See Kensu*, 5 F.4th at 652-53.

**IT IS SO ORDERED.**

Dated: March 18, 2024

Thomas M. Parker
United States Magistrate Judge

18