UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAQUAN LEE, | ) | CASE NO. 1:23-cv-01716 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HEATH UNDERWOOD, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court are Defendants Shane Gearheart's, David Scheurer's, and Heath Underwood's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 40.) Also before the Court is Defendant Aaron Bushey's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 44.) Plaintiff Jaquan Lee opposed the motions. (Docs. 41, 45.) All Defendants replied. (Docs. 42, 46.) For the reasons explained below, the Court GRANTS Defendants' motions.

I.  **BACKGROUND**

   A.   **Factual Background**

On November 30, 2019, a then-unidentified black male robbed a Verizon store and fled the scene. (Doc. 36 at ¶ 20.) A witness identified a single black male as the sole culprit. (*Id.* ¶ 21.) The Mansfield Police Department ("MPD") used the GPS location of the stolen devices to identify the location of the potential culprit. (*Id.* ¶ 23.) MPD Officer Shane Gearheart ("Officer Gearheart") learned of the robbery and responded to the area. (*Id.* ¶¶ 103–04.) Officer Gearheart communicated with other MPD officers—Officer David Scheurer ("Officer Scheurer") and Officer Heath Underwood ("Officer Underwood")—about the robbery and GPS location.

(*Id.* ¶ 103.) After searching the area, police arrested James White who was hiding under a porch. (*Id.* ¶ 28.) White was prosecuted and pleaded guilty to charges relates to the robbery. (*Id.* ¶ 36.)

Although a witness stated a single person committed the robbery, police also arrested Plaintiff Jaquan Lee ("Plaintiff") who police found near the location of the stolen merchandise. (*Id.* ¶ 29.) On May 21, 2021, a grand jury indicted Plaintiff on charges of aiding and abetting the robbery and receiving stolen property. (*Id.* ¶ 35.) Plaintiff pleaded not guilty and proceeded to trial. (*Id.* ¶¶ 33–34.) Officers Gearheart, Scheurer, and Underwood testified at the trial (together, the "MPD Defendants"). (*Id.* ¶¶ 52, 88, 106.) Sergeant Aaron Bushey ("Sergeant Bushey") from the Shelby Police Department—who administered a photo lineup to the Verizon store clerk—also testified at trial. (*Id.* ¶ 70.) The jury found Plaintiff guilty. (*Id.* ¶ 35.) After sentencing, Plaintiff appealed his conviction. (*Id.* ¶ 38.) The Fifth District Court of Appeals vacated Plaintiff's conviction for insufficient evidence. (*Id.* ¶ 39.) On remand, the trial court dismissed the case. (*Id.* ¶ 42.)

**B.     Procedural Background**

Plaintiff filed a Complaint on August 31, 2023. (Doc. 1.) The Complaint asserted claims against Officer Underwood, Officer Scheurer, Officer Gearheart, Sergeant Bushey, and five unidentified John Does. (*Id.*) Plaintiff asserted four causes of action: civil rights violation under § 1983 (Count One as to all Defendants); false arrest (Count Two as to all Defendants); malicious prosecution (Count Three as to all Defendants); violation of Fourth Amendment bar against unreasonable searches and seizures under § 1983 (Count Four as to all Defendants). (*Id.* at 6–10.)

The MPD Defendants answered the Complaint on September 28, 2023. (Doc. 9.) On October 4, 2023, the MPD Defendants moved for judgment on the pleadings. (Doc. 10.)

Sergeant Bushey answered the Complaint on November 6, 2023. (Doc. 13.) Sergeant Bushey, like the MPD Defendants, then moved for judgment on the pleadings. (Doc. 16.) All Defendants raised statute of limitations defenses in their motions. (Doc. 10 at 58; Doc. 16 at 108.) Sergeant Bushey also argued the Complaint failed to state a claim as to Count One, Plaintiff's conviction is a complete defense to Counts Two and Three, and that Sergeant Bushey is entitled to immunity on Counts Two and Three. (Doc. 16 at 112.)

The parties consented to the jurisdiction of the Magistrate Judge and the Court transferred the matter to Magistrate Judge Thomas Parker. (Doc. 21.) The parties completed briefing on the motions for judgment on the pleadings. (Docs. 14, 26, 29, 30.) Magistrate Judge Parker issued a Memorandum Opinion and Order on March 18, 2024. (Doc. 31.) The Order granted in part and denied in part the MPD Defendants' motion and granted Sergeant Bushey's motion. (*Id.*) The Magistrate Judge dismissed Count One without prejudice and dismissed Counts Two, Three, and Four with prejudice. (*Id.* at 183.)

The Magistrate Judge first found Count One failed to allege facts specific to each Defendant. (*Id.* at 187.) Instead, the Complaint merely lumped all Defendants into one group with specifying the conduct that each engaged in that gave rise to a claim. (*Id.* at 188–89.) The Complaint also violated Rule 10(b) because Count One alleged six constitutional violations (asserted under § 1983) in one count. (*Id.* at 189.) Yet a party must set forth separate claims as separate counts. (*Id.*) By including all under the amorphous count "civil rights violations," the Complaint did not give fair notice of the claims to Defendants. (*Id.*) The Magistrate Judge dismissed Count One without prejudice, subject to repleading the claims as separate counts and identifying the specific conduct each Defendant engaged in that gives rise to the claims. (*Id.*)

The Magistrate Judge then dismissed Counts Two, Three, and Four based on the statute of limitations. (*Id.* at 192, 194.) The Magistrate Judge granted Plaintiff leave to file an amended complaint related to Count One. (*Id.* at 200.) The Magistrate Judge's jurisdiction was then terminated, and no consent has been refiled by the parties. Plaintiff filed an amended complaint on April 25, 2024. (Doc. 36.) The amended complaint contained one cause of action: a claim for civil rights violations as to all Defendants. (*Id.* at 216.) The claim appears to assert claims under § 1983 for violations of the Fourth, Fourteenth, and Eighth Amendments. (*Id.* at 217–18.)

## II.     LEGAL STANDARD

After the pleadings have closed, a defendant may move for judgment on the pleadings under Rule 12(c) because a plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). When a party moves to dismiss a complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, that party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991)).

When reviewing a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to [the] plaintiff[], accept all the well-pleaded factual allegations as true, and draw all reasonable inferences in [the] plaintiff['s] favor." *Guertin v. Michigan*, 912 F.3d 907, 916 (6th Cir. 2019). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive, the factual assertions in the complaint must be sufficient to "state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.    ANALYSIS

    A.    Statute of Limitations

The MDP Defendants and Sergeant Bushey argue Plaintiff's § 1983 claim as pleaded in Count One is barred by the statute of limitations. (Doc. 40 at 249; Doc. 44 at 280.) Count One of the amended complaint appears to plead the following claims under § 1983: violation of the Fourth Amendment for unreasonable search and seizure; violation of Plaintiff's Fourteenth Amendment rights to substantive and procedural due process; violation of Plaintiff's Fourteenth Amendment right to equal protection of the law; and violation of the Eight Amendment against excessive bail and cruel and unusual punishment.[1] (Doc. 36 at 217–22.)

All parties agree the statute of limitations for these claims is two years. (Doc. 40 at 249; Doc. 44 at 281; Doc. 45 at 301.) The parties dispute when those claims began to accrue. The MPD Defendants argue the claims began to accrue—at the very latest—on August 10, 2021 when the MPD Defendants testified at trial. (Doc. 40 at 252.) Sergeant Bushey argues the

---

[1] Sergeant Bushey argues the amended complaint should also be dismissed since it fails to follow Rule 10(b) and the Magistrate Judge's prior ruling. (Doc. 44 at 279–80.) The Magistrate Judge dismissed Count One because it asserted multiple claims against multiple defendants in a single count. The Magistrate Judge ordered Plaintiff—if he filed an amended complaint—to assert each § 1983 claim separately and plead facts specific to each Defendants' involvement that entitled Plaintiff to recover from that Defendant. (Doc. 31 at 200.) Plaintiff's amended complaint does specify facts as it relates to each Defendants' involvement but continues to assert multiple claims under a single count. Therefore, Sergeant Bushey's argument is well-taken. But because the Court dismisses the matter on statute of limitations grounds, the Court need not reach a conclusion on this argument.

claims began to accrue—at the very latest—on August 12, 2021 when Sergeant Bushey testified at trial. (Doc. 44 at 282.) Because Plaintiff filed his complaint on August 30, 2023, Defendants argue the claims are time-barred.

Plaintiff argues the claims did not begin to accrue until the Ohio appellate court overturned his conviction. (Doc. 45 at 301.) For his position, Plaintiff relies on *Heck v. Humphrey*, 512 U.S. 477 (1994) and *D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014). In dismissing Count Four of the initial complaint, the Magistrate Judge considered these arguments and rejected them, finding *Heck* and *D'Ambrosio* did not apply to Plaintiff's Fourth Amendment and false arrest claims. (Doc. 31 at 198.)

As relevant here, the Magistrate Judge found Count Four—a claim under § 1983 for violations of the Fourth Amendment and false arrest—barred by the statute of limitations. (*Id.*) Boiled down, § 1983 claims in Ohio have a two-year statute of limitations. *Beaver St. Invs., LLC v. Summit Cnty.*, 65 F.4th 822, 826 (6th Cir. 2023). Federal law applies to determine when a claim begins to accrue. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Plaintiff argued the claim began to accrue when the court of appeals vacated his conviction. Under federal law, a claim begins to accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Beaver St. Invs.*, 65 F.4th 826 (quoting *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). Defendants argued the claim began to accrue when the search and false arrest occurred. Plaintiff argued the claim was tolled because of his conviction. The determination of when the claim began to accrue was determinative—if Plaintiff was correct, the claims were timely and if Defendants were correct, the claims were not.

The question before the Magistrate Judge was whether *Heck* tolling applied to Plaintiff's claims. In *Heck*, the Supreme Court held that a § 1983 lawsuit must be dismissed if "a judgment

in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. Accordingly, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90; *see also Harrison v. Michigan*, 722 F.3d 768, 772 (6th Cir. 2013) ("*Heck* established a delayed accrual date in cases involving challenges to an invalid conviction or sentence"). *Heck* addressed delayed accrual in malicious prosecution claims. The Supreme Court later addressed *Heck* tolling as it relates to other claims, including those for false arrest, in *Wallace v. Kato*, 549 U.S. 384, 394 (2007). The Supreme Court held "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 594 U.S. at 397. Legal process occurs when a criminal defendant is arraigned or bound over by a magistrate. *Id.* at 389. The Sixth Circuit explained:

> The *Wallace* Court rejected both the argument that the statute of limitations on a false arrest claim should begin only after "an anticipated future conviction . . . occurs and is set aside" . . . and that the statute of limitations on such a claim should be tolled until an anticipated future conviction is set aside . . . . Accordingly, the possibility that the plaintiff's already-accrued § 1983 claims might impugn an anticipated future conviction did not trigger the *Heck* rule for deferred accrual.

*Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007). The Sixth Circuit has applied the same rule to claims under the Fourth Amendment for unreasonable searches and seizures. *See Harper v. Jackson*, 293 F. App'x 389, 391 (6th Cir. 2008). Consistent with the above precedent, the Magistrate Judge dismissed Count Four.

Plaintiff's claims under Count One fail for the same reasons Count Four failed. The claims contained in Count One all stem from Plaintiff's alleged false arrest and subsequent trial. These claims began to accrue when the conduct occurred. As precedent dictates, *Heck* tolling

does not apply. Citing to no authority, Plaintiff claims the harm did not occur until his conviction was vacated. (Doc. 45 at 302.) That proposition conflicts with *Wallace* and *Fox*. Plaintiff was harmed when he was falsely arrested. Moreover, the Magistrate Judge already found Plaintiff's Fourth Amendment claim was barred by the statute of limitations in Count Four. Thus, the repeated claim in Count One for violations of the Fourth Amendment is also barred.

### B. Insufficient Pleading

Even if the Court were to find Plaintiff's claims timely, the Court would nonetheless grant Defendants' motions. First, Plaintiff's conviction bars his claims under Count One. Second, the Amended Complaint fails to sufficiently state a claim.

#### 1. Conviction Bars Claims

The MPD Defendants and Sergeant Bushey alternatively argue Count One fails because Plaintiff's indictment and conviction—even though later overturned—conclusively establish probable cause shielding Defendants from liability. (Doc. 40 at 252; Doc. 44 at 283–84.)

Probable cause is a bar to § 1983 claims from illegal searches, seizures, or detentions. *Logsdon v. Hains*, 492 F.3d 334, 340–41 (6th Cir. 2007). Defendants cite two bars to Plaintiff's claim: the indictment and conviction. Under Sixth Circuit law, "it has been long settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006) (quoting *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)). Further, "[a] criminal conviction, even if later reversed, constitutes conclusive evidence of probable cause unless the conviction was obtained by fraud, perjury, or other corrupt means." *Schleuter v. S. Energy Homes, Inc.*, 252 F. App'x 7, 9 (6th Cir. 2007)

(citing *Dunn v. Tennessee*, No. 84-5382, 1986 WL 17155, 1986 U.S. App. LEXIS 18569, *3 (6th Cir. June 23, 1986)).

Plaintiff does not dispute that he was indicted by a grand jury or that a jury convicted him. Nor does Plaintiff contend the indictment, or his conviction, was obtained by fraud, perjury, or other corrupt means. In fact, while Plaintiff pleads Defendants testified at his trial, Plaintiff does not plead anything about that testimony other than that it occurred. Plaintiff pleaded nothing about the substance of that testimony, including any allegations as to its falsity. Instead, Plaintiff seeks to distinguish *Schleuter* because the case involved a state-law claim for malicious prosecution, where here Plaintiff's claim arises under § 1983 for constitutional violations. (Doc. 45 at 303–05.) Plaintiff does not offer any supporting case law nor any reason not to follow this bar. Therefore, and alternatively, Plaintiff's amended complaint should be dismissed.

        **2.    Pleading Deficiencies**

Sergeant Bushey argues Plaintiff's remaining claims contained within Count One also fail. (Doc. 44 at 285.) First, Sergeant Bushey argues the procedural and substantive due process claims under the Fourteenth Amendment do not state a claim. (*Id.*) As it relates to procedural due process, Sergeant Bushey argues Plaintiff does not allege any facts that relate to the sufficiency of process. (*Id.* at 285–86.) Sergeant Bushey is correct. Nothing in the amended complaint suggests the due process afforded to Plaintiff was insufficient. *See Puckett v. Lexington-Fayette Urb. Cty. Gov't*, 833 F.3d 590, 606 (6th Cir. 2016) ("[t]he point of procedural due process is to require procedural fairness and to prohibit the state from conducting unfair or arbitrary proceedings") (citation omitted). Indeed, Plaintiff does not allege that any Defendants falsely testified, created false records, or anything else of that nature. Plaintiff has not provided

any argument on the specific deprivation of process he alleges occurred. Plaintiff only alleges Sergeant Bushey "participated" in the trial. That allegation cannot support a procedural due process claim.

The substantive due process claim under the Fourteenth Amendment also fails. Other than stating that he has a right to substantive due process, Plaintiff has not pleaded facts that correspond with any theory of liability here. Plaintiff's vague reference to the Equal Protection Clause also does not suffice. Plaintiff has made no effort, either in the amended complaint or in the motion papers, to explain the basis for this claim. Indeed, it is not even clear what theory of substantive due process Plaintiff intends to pursue.

In any event, courts have held that when a plaintiff's Fourteenth Amendment claim hinges on a violation of the Fourth Amendment, the Fourteenth Amendment due process claims cannot proceed. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'") (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Owens v. Trulock*, No. 18-cv-167, 2020 WL 376658, 2020 U.S. Dist. LEXIS 11343, *13–14 (W.D. Ky. Jan. 23, 2020) (collecting cases that dismissed Fourteenth Amendment claim based on searches and seizures governed by the Fourth Amendment). To the extent the Fourteenth Amendment claim relates to his false arrest, the Fourth Amendment analysis discussed above precludes his claim.

Second, Sergeant Bushey argues Plaintiff's claim under the Eighth Amendment also fails as a matter of law. (Doc. 44 at 286.) The Eighth Amendment applies to convicted inmates. *Hale v. Boyle Cnty.*, 18 F.4th 845, 852 (6th Cir. 2021). All of the alleged conduct by Defendants relate

to Plaintiff pre-conviction. Yet "[t]o establish a § 1983 . . . claim . . . a plaintiff must show that the official either actively participated in the alleged unconstitutional conduct or implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of an offending subordinate." *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015). Plaintiff does not allege any facts that show post-conviction, Defendants participated in any alleged unconstitutional conduct.

Moreover, Plaintiff's Eighth Amendment claim is insufficiently pleaded. Plaintiff alleges he "had the right under the Eighth Amendment to not have an excessive bail set, and to not be subject to cruel and unusual punishment." (Doc. 1 at 219.) Other than this recital, Plaintiff offers no further allegations about his Eighth Amendment claim or the conduct that relates to the claim. In his opposition, Plaintiff merely states that taking the complaint as a whole, he has stated enough facts for an Eighth Amendment claim. (Doc. 45 at 305.) This is plainly insufficient. *Iqbal*, 556 U.S. at 678 ("naked assertions devoid of further factual enhancement" do not suffice).

### IV. CONCLUSION

For the reasons explained above, the Court GRANTS Defendants motions for judgment on the pleadings. All claims are dismissed with prejudice.

**IT IS SO ORDERED.**

Date: January 24, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE